UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRELL EWING, # 623073, et al.,   )
                                    )
            Plaintiffs,             )
                                    )   Case No. 1:17-cv-505
v.                                  )
                                    )   Honorable Paul L. Maloney
THOMAS FINCO, et al.,               )
                                    )
            Defendants.             )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by six state prisoners under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The plaintiffs are prisoners Darrell Ewing, Terico Allen, Ramon King, Diarra Bryant, Michael Miles, and Robert Dykes.[1] Plaintiffs named three employees of the Michigan Department of Corrections as defendants: Assistant Deputy Director Thomas Finco, Special Activities Coordinator David Leach, and former Special Activities Coordinator Michael Martin.

Each plaintiff alleges that in 2014 or 2015 he requested to eat from a religious meal line and his request was denied. Plaintiffs allege that the food served in regular prison meal lines is contaminated by pork. Each plaintiff claims violation of his rights under the First Amendment's Free Exercise Clause, the Fourteenth Amendment's

---

[1] Each plaintiff is proceeding *pro se* and is limited to representing himself on his own claims. *See* 28 U.S.C. § 1654; *see also Sabin v Karber*, No. 1:14-cv-296, 2017 WL 4160950, at *1 n.3 (W.D. Mich. Sept. 20, 2017) (collecting cases).

Equal Protection Clause, and statutory rights under RLUIPA. Plaintiffs seek an award of damages against defendants in their individual capacities for the alleged constitutional violations and injunctive relief against defendants in their official capacities under RLUIPA.[2]

The matter is before the Court on defendants' motion for partial summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 22). Plaintiffs oppose the motion. (ECF No. 26, 28). For the reasons set forth herein, I recommend that defendants' motion for partial summary judgment be granted in part and denied in part. Defendants' motion should be granted:

(1) on all plaintiff Ewing's claims against defendant Finco and all his claims against defendants Leach and Martin, except his claims based on the August or September 2015 denial of his request to eat from the vegan meal line at the Chippewa Correctional Facility (URF);

(2) on all plaintiff Allen's claims, except his claims based on the November 2014 denial of his request for an alternative soy-free religious diet and his claims based on the August 2014 denial of his request to eat from URF's vegan meal line;

(3) on all plaintiff King's claims, except his claims based on the November 2014 denial of his request for an alternative soy-free religious diet and his claims based on

---

[2] Plaintiffs' claims for injunctive relief against former Special Activities Coordinator Martin should be dismissed as moot. *See Rickman v. Martin*, No. 2:16-cv-101, 2018 WL 3029367, at *7 (W.D. Mich. Feb. 21, 2018). The Court does not need to substitute a party because plaintiffs also sued the current special activities coordinator. *Id.*; *see also* FED. R. CIV. P. 25(d).

a September 29, 2014, URF meal where food was allegedly cross-contaminated with pork because food service workers were handling multiple meal lines without changing gloves;

(4) on all plaintiff Bryant's claims, except his claims based on the October 2014 denial of his request for an alternative soy-free diet and interference with his ability to access URF's religiously approved vegan meal line and his cross-contamination claims stemming from meals served at URF on August 11 and September 22, 2014;

(5) on all claims asserted by plaintiff Miles; and

(6) on all plaintiff Dykes's claims against defendants Finco and Martin and all his claims against defendant Leach, except his claims based on the November 2015 denial of his request to eat from URF's religious vegan diet line.

I recommend that the Court dismiss all plaintiffs' claims for injunctive relief against former Special Activities Coordinator Martin as moot.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The

Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense
## of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address

only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance

---

[3]A copy of the policy directive is found in the record. *See* ECF No. 23-2, PageID.90-96.

-7-

procedure." *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Discussion

### I.   Darrell Ewing # 623073

Prisoner Ewing pursued one grievance through a Step III decision before filing his complaint.[4]  (ECF No. 23-3, PageID.98-105).  In Grievance No. URF-15-09-3104-20e prisoner Ewing stated that he is a Muslim, and that, on September 4, 2015, he received a memo notifying him of the special activities coordinator's decision denying his request to eat from URF's vegan meal line.  He argued that the special activities coordinator's denial of his request violated his religious and equal protection rights.[5]  (ECF No. 23-3, PageID.104).

Defendants have raised the affirmative defense that plaintiff did not properly

---

[4] The proposed findings of fact appear in the initial paragraph or paragraphs after the heading with a plaintiff's name.

[5] "A prisoner may eat from a Vegan menu only with approval of the [Correctional Facilities Administration] CFA Special Activities Coordinator." *Spearman v. Michigan*, No. 1:18-cv-463, 2018 WL 2315786, at *3 (W.D. Mich. May 22, 2018).

exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Woodford*, 548 U.S. at 85.  "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.

Deputy Director Finco argues that plaintiff's grievance did not properly exhaust any claim against him because he was not named in the grievance. (ECF No. 23, PageID.74-75).  The grievance does not contain allegations regarding actions taken by defendant Finco.  (ECF No. 23-3, PageID.104).  A prisoner ordinarily does not comply with the requirements of the MDOC's policy directive, and accordingly, does not exhaust his administrative remedies under the PLRA "when he does not specify the names of each person from whom he seeks relief."  *Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017).  I find that plaintiff did not properly exhaust any claim against defendant Finco.

Plaintiff Ewing argues that the requirement that he name Deputy Director Finco in his grievance should be deemed waived under *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010), because he invoked the grievance process through completion and received a merit-based response at each step.  (ECF No. 28 at PageID.483-84).  Plaintiff reads *Reed-Bey* too expansively.

> In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the initial grievance did not name any defendant, and the MDOC opted to address the grievance on the merits, rather than denying the grievance for failing to name individuals.  Unlike *Reed–Bey*, Plaintiff named a specific individual.  Plaintiff's interpretation of the holding in *Reed-Bey* would require the MDOC to include, in response to any grievance, a list of all possible affirmative defenses that might be raised in a future lawsuit.  That is not law.

*Kean v. Hughes*, No. 1:12-cv-847, 2013 WL 5771146, at \*2 (W.D. Mich. Oct. 24, 2013);

*see Vandiver v. Vasbinder*, No. 08-10508, 2012 WL 4355536, at *2 (E.D. Mich. Sept. 24, 2012) (A response to a grievance does not deprive all MDOC employees regardless of direct involvement of the right to defend on exhaustion grounds). Plaintiff Ewing's grievance did not provide defendant Finco with "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against [him]." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).

Defendants Leach and Martin argue that they are entitled to summary judgment on all plaintiff's claims because plaintiff Ewing's grievance was only a complaint that he was being denied a vegan diet. Defendants' argument that the grievance "does not relate to [plaintiff] Ewing's Complaint allegations" (ECF No. 23 at PageID.75) cannot withstand scrutiny. The allegations in the complaint are broader than plaintiff's grievance when it comes to particular food items.[6] Plaintiff's grievance plainly states, however, that he is a Muslim, and that in late August or early September 2015 his request to eat from URF's vegan meal line was denied in violation of his "religious rights and equal protection." (ECF No. 23-3, PageID.104). Those allegations are echoed in his complaint. (Compl. at 2, 5-7, ECF No. 1, PageID.2, 5-7).

I find that defendants Leach and Martin are entitled to summary judgment on all plaintiff Ewing's claims, except his claims stemming from the August or

---

[6] Plaintiffs' brief clarifies that their claims are rooted in the denial of their requests to eat from "a religious meal line, which is vegan in nature." (ECF No. 28 at PageID.484-85).

September 2015 denial of his request to eat from URF's vegan meal line.

## II.     Terico Allen # 194679

Prisoner Allen pursued three grievances through a Step III decision before filing his complaint. (ECF No. 23-5, PageID.115-36). Two grievances warrant further discussion because they are related to plaintiff's claims. In Grievance No. URF-14-11-3604-20e, prisoner Allen stated that he was a Muslim, and that on November 12, 2014, he received notice that his request for an alternative soy-free religious diet had been denied. (ECF No. 23-5, PageID.122). Defendants concede that plaintiff Allen has "properly exhausted his administrative remedies as to a soy free diet only."[7] (ECF No. 23 at PageID.76).

In Grievance No. URF-14-08-2693-20z, prisoner Allen complained that, on August 21, 2014, he received notice that his request to be permitted religious meals (vegan diet) at URF had been denied, claiming a violation of his religious rights. (ECF No. 23-5, PageID.128).

Defendants argue that Grievance No. URF-14-08-2693-20z did not exhaust any claims against them because it did not "relate to [plaintiff] Allen's Complaint allegations." (ECF No. 23 at PageID.76). I disagree. Plaintiff Allen's complaint alleges that his rights were violated when his request to eat from "the religious meal line which is vegan in nature" was denied. (Compl. at 6, ECF No. 1, PageID.6).

---

[7] "A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu. An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner." *Spearman v. Michigan*, 2018 WL 2315786, at *3.

I find that defendants are entitled to summary judgment on all plaintiff Allen's claims, except his claims based on the November 2014 denial of his request for an alternative soy-free religious diet, and his claims based on the August 2014 denial of his request to eat from URF's vegan meal line.

### III.  Ramon King # 238074

Prisoner King pursued sixteen grievances through Step III decisions before filing this lawsuit. (ECF No. 23-7, PageID.205-331). Two grievances warrant further discussion because they are related to his claims against defendants.

On November 16, 2014, prisoner King filed Grievance No. 14-11-3632-20e. He complained that he had received notice that his request for an alternative soy-free religious diet had been denied, claiming violation of his religious rights. (*Id.* at PageID.295). Defendants concede that plaintiff King has "properly exhausted his administrative remedies as to a soy free diet only." (ECF No. 23 at PageID.80-81).

On September 30, 2014, URF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. URF-14-09-3053-20e. In this grievance plaintiff complained that food served during a September 29, 2014, meal at URF was cross-contaminated with pork because food service workers were handling multiple meal lines without changing gloves. (ECF No. 23-7, PageID.308). Defendants concede that plaintiff King properly exhausted his available administrative remedies on this cross-contamination claim. (ECF No. 23 at PageID.80-81).

I find that defendants have carried their burden on the affirmative defense and are entitled to summary judgment on all plaintiff King's claims, except his claims

based on the November 2014 denial of his request for an alternative soy-free religious diet and his claims based on a September 29, 2014, meal at URF where food was allegedly cross-contaminated with pork because food service workers were handling multiple meal lines without changing gloves.

### IV. Diarra Bryant # 254416

Prisoner Bryant pursued ten grievances through Step III decisions before he filed this lawsuit. (ECF No. 23-6, PageID.138-203). Four grievances warrant further discussion because they are related to plaintiff Bryant's claims.

On October 23, 2014, URF's grievance coordinator received a grievance from prisoner Bryant and assigned it Grievance No. URF-14-10-3343-20d. In this grievance, plaintiff Bryant stated that he is a Muslim and complained that on October 14, 2014, his request for an alternative soy-free religious diet was denied. (ECF No. 23-6, PageID.147). Defendants concede that plaintiff Bryant has "properly exhausted his administrative remedies as to a soy free diet only." (ECF No. 23 at PageID.77).

On October 27, 2014, URF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. URF-14-10-3391-20e. (ECF No. 23-6, PageID.153). Prisoner Bryant complained that his rights were violated in the manner in which Policy Directive 05.03.150 was enforced which had interfered with his ability to acquire "the religiously approved 'vegan' meal." (ECF No. 23-6, PageID.153). Defendants concede that plaintiff Bryant has "properly exhausted his administrative remedies as to a soy free diet only." (ECF No. 23 at PageID.77).

Prisoner Bryant filed two grievances related to alleged pork cross-contamination of URF meals. In Grievance No. URF-14-08-2559-28e,[8] he complained that during lunch on August 11, 2014, a food service worker placed pork next to the potatoes and allowed the pork to "splash" onto the potatoes. (ECF No. 23-6, PageID.171). In Grievance No. URF-14-09-3005-09z, prisoner Bryant complained that on September 22, 2014, a food service supervisor failed to provide an adequate response to plaintiff's request that prison food service staff maintain a "safe distance" between pork and non-pork food. (*Id.* at PageID.202). Defendants concede that plaintiff properly exhausted his available administrative remedies for claims stemming from alleged cross-contamination on August 11 and September 22, 2014. (ECF No. 23 at PageID.77-78).

In Grievance No. URF-14-10-3391-20e, plaintiff complained of October 22, 2014, interference with his ability to access URF's religiously approved vegan meal line. (ECF No. 23-6, PageID.153). Defendants' argument that the grievance "does not relate to [plaintiff] Bryant's Complaint allegations" (ECF No. 23 at PageID.77) cannot withstand scrutiny. Plaintiff alleges that the denial of access to URF's religious vegan meal line violated his rights. (Compl. at 6, ECF No. 1, PageID.6).

I find that defendants have carried their burden and are entitled to summary judgment on all plaintiff Bryant's claims, except his claims based on the October 2014 denial of his request for an alternative soy- free diet and interference with his ability

---

[8] This was the grievance number utilized in connection with the Step II and Step III appeals and at Step I it was Grievance No. URF-14-08-2559-09z. (ECF No. 23-6, PageID.168-72).

to access URF's religiously approved vegan meal line and his cross-contamination claims stemming URF meals served at URF on August 11 and September 22, 2014.

## V. Michael Miles # 656606

Prisoner Miles pursued one grievance through a Step III decision before filing this lawsuit. (ECF No. 23-4, PageID.107-13). In Grievance No. URF-16-02-0541-20z, prisoner Miles complained that he had been denied a "religious call-out." (*Id.* at PageID.113). This grievance does not correspond any claim that plaintiff Miles is asserting in this lawsuit.

Plaintiff's vague assertion that defendants "distorted facts" (ECF No. 28 at PageID.485) is not enough to defeat defendants' motion. I find that defendants have carried their burden and are entitled to summary judgment on all claims asserted by plaintiff Miles.

## VI. Robert Dykes # 201541

Prisoner Robert Dykes, also known as Robert Dykes-Bey, pursued 21 grievances through a Step III decision before filing this lawsuit. (ECF No. 23-8, PageID.333-472). One grievance warrants further discussion because it is related to his claims against defendants.

In November 2015, URF's grievance coordinator received a grievance from prisoner Dykes and assigned it Grievance No. URF-15-11-4202-20z. This was a grievance against Special Activities Coordinator Leach, complaining that he had denied plaintiff's request for the religious vegan diet. (ECF No. 23-8, PageID.471). Defendants' attempt to characterize the grievance as a complaint that plaintiff "was

being denied a religious diet devoid of soy" (ECF No. 23 at PageID.85) ignores the face of the grievance where prisoner Dykes complained that he had "applied for the religious vegan diet" and that his request was denied. (ECF No. 23-8, PageID.471). Plaintiff's attempt to broaden the scope of his grievance after-the-fact (ECF No. 26, PageID.479) is ineffectual. Further, plaintiff's grievance was against Special Activities Coordinator Leach. It does not extend to Deputy Director Finco and former Special Activities Coordinator Martin for the reasons outlined in the discussion of plaintiff Ewing's claims. I find that the only claims plaintiff Dykes properly exhausted are his claims against defendant Leach stemming from the November 2015 denial of plaintiff's request to eat from URF's religious vegan diet line.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendants' motion for partial summary judgment (ECF No. 22) be granted in part and denied in part. Defendants' motion should be granted:

(1) on all plaintiff Ewing's claims against defendant Finco and all his claims against defendants Leach and Martin except his claims based on the August or September 2015 denial of his request to eat from URF's vegan meal line;

(2) on all plaintiff Allen's claims except his claims based on the November 2014 denial of his request for an alternative soy-free religious diet and his claims based on the August 2014 denial of his request to eat from URF's vegan meal line;

(3) on all plaintiff King's claims except his claims based on the November 2014 denial of his request for an alternative soy-free religious diet and his claims based on

a September 29, 2014, URF meal where food was allegedly cross-contaminated with pork because food service workers were handling multiple meal lines without changing gloves;

(4) on all plaintiff Bryant's claims except his claims based on the October 2014 denial of his request for an alternative soy- free diet and interference with his ability to access URF's religiously approved vegan meal line and his cross-contamination claims stemming from meals served at URF on August 11 and September 22, 2014;

(5) on all claims asserted by plaintiff Miles; and

(6) on all plaintiff Dykes's claims against defendants Finco and Martin and all his claims against defendant Leach except his claims based on the November 2015 denial of his request to eat from URF's religious vegan diet line.

I recommend that the Court dismiss all plaintiffs' claims for injunctive relief against former Special Activities Coordinator Martin as moot.

Dated:  September 1, 2018           /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).