UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL EWING, #623037, *et al.*, )<br>   Plaintiffs, )<br>)<br>-v- )<br>)<br>THOMAS FINCO, *et al.*, )<br>   Defendants. )<br>_____) | No. 1:17-cv-505<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights lawsuit brought by five state prisoners. Plaintiffs all complain about the denial of their requests to participate in a religious meal program. Defendants filed a motion for summary judgment. (ECF No. 45.) The magistrate judge issued a report recommending the motion be granted. (ECF No. 73.) Two of the five plaintiffs filed objections. (ECF Nos. 76 and 78.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

A.  Plaintiffs Allen, King and Bryant

Plaintiffs Terico Allen, Ramon King, and Diarra Bryant did not file objections to the report and recommendation.  As noted by the magistrate judge, each plaintiff must represent himself; one prisoner cannot act in a representative capacity for another.  (R&R at 3 .n2 PageID.895.)   Because Allen, King and Bryant did not object to the report, the recommendations of the magistrate judge for those three Plaintiffs are ADOPTED.

B.  Plaintiff Dykes

Plaintiff Dykes advances seven objections, most of which rely on the same arguments.  For the reasons that follow, Dykes' objections are OVERRULED.

Objections 1, 2, 3 and 6 - commissary purchases.  Dykes argues that his purchases at the prison commissary of food items that do not conform to the religious meal program he requested cannot be used as a basis for denying his application because he did not consume the food.  He asserts his religion and his religious beliefs do not prohibit him from purchasing nonconforming food to use as barter.  Defendants have explained why the purchase of food that is inconsistent with their religious dietary requests is a safety concern.  (R&R at 18-20 PageID.910-12.)  Dykes' objection does not address this rationale.

Objection 1, part 3 - lack of notice.  The denial of his application to use the religious meal program does not constitute "discipline" for which he might be entitled to notice.

Objection 4 - other *Turner* factors.  Dykes argues he cannot afford to purchase other items from the commissary that are consistent with his religious beliefs.  This argument addresses only of the four *Turner* factors and, even if Dykes is correct, the balance of factors

still weighs in favor of Defendants. Furthermore, if Dykes did not purchase nonconforming items from the commissary, his application would likely have been approved.

Objection 5 - RLUIPA. Dykes asserts that he was not aware that his purchase of sausages could be used as a basis for denying his meal request. The basis of the magistrate judge's recommendation was that the denial of the request was not permanent. Indeed, Dykes' latest request to access the religious meal option was approved. (ECF No. 70-1 PageID.882.) Dykes' objection does not address the reasoning in the R&R. And, Dykes' objection still does not address the safety concerns identify by Defendants.

Objection 6 - Equal Protection. In his response brief (ECF Nos. 51 and 52), Dykes did not separately address Defendants' arguments regarding the Equal Protection Claim. The Court has considered and rejected Dykes' argument that Defendants did not have a reasonable basis for rejecting his request.

Objection 7 - qualified immunity. Here, Dykes relies on his earlier objections to establish a constitutional violation. The Court disagrees.

C. Plaintiff Ewing

Ewing advances seven objections. The Court has reviewed each objection and each are OVERRULED.

Objection 1 - insufficiency of affidavit. Ewing objects to the decision not to consider his declaration. (R&R at 8 PageID.900.) Liberally construing a pro se party's pleadings does not excuse a pro se party relying on evidence at summary judgment that would be admissible at trial. Statements based on information and belief would not be admissible at trial. Ewing

did not attach his own affidavit to this objection, he attached Dykes' affidavit. (ECF No. 78-1 PageID.942.)

Objection 2 - Rabbaanee's declaration. Ewing asserts a signed declaration was served on the parties, but fails to identify where in the record it can be located.

Objection 3 - Equal Protection. Ewing argues that the R&R fails to consider the affidavits of several prisoners who assert that they too made commissary purchases that were not consistent with a religious meal plan and were still approved for religious meals. In the complaint, Plaintiffs allege they were discriminated against because they are Muslim. (ECF No. 1 PageID.7.) The affidavits from other prisoners (ECF No. 54-1 PageID.772: ECF No. 56 PageID.808) do not indicate their religious affiliation. Thus, Ewing has not demonstrated (1) similarly situatedness or (2) evidence that would give rise to an inference of intentional and purposeful discrimination.

Objection 4 - self selecting. Ewing makes some reference to self-section or force-selection and mentions nutritional requirements. Ewing does not identify where this fact or law is included in the R&R. Although the Court cannot clearly discern Ewing's point here, the Court notes that the denial of the request is not permanent and that Ewing can submit another request to participate in the religious meal program.

Objections 5 and 6 - basis for rejection. Ewing argues the MDOC policy prohibits possession of inconsistent commissary purchases only after the religious meal program is approved. Ewing also argues that MDOC recognizes that prisoners use food to barter. The evidence establishes that MDOC has a legitimate basis for denying the requests when commissary purchases are inconsistent with the request.

Objection 7 - inadmissibility of evidence. Ewing contends Defendants' evidence is hearsay and not admissible under Rule 803. Evidence introduced at summary judgment need not be presented in a form that would be admissible at trial; it is sufficient that the evidence would be admissible at trial. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

### III.

Having reviewed de novo the objections filed by Dykes and Ewing, the Court **ADOPTS** the Report and Recommendation (ECF No. 73) as its Opinion. Accordingly, Defendants' motion for summary judgment (ECF No. 45) is **GRANTED**. Plaintiffs' claims are DISMISSED.

**IT IS SO ORDERED.**

Date: December 3, 2019                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge